UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00318-MSS-JSS

JASMINE HUNGERMAN,

    Plaintiff,

v.

KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO; and DOES 1-100,

    Defendants.

_____/

**<u>DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AS TO THE TENTH, TWELFTH, FIFTEENTH, AND SIXTEENTH CAUSES OF ACTION IN THE COMPLAINT</u>**

COMES NOW Defendants, KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO (herinafter, collectively "Defendants"), and pursuant to Rules 8(a), 10(b), 12(b)(6), and 12(e), Fed. R. Civ. P., hereby files its Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement, as to the Tenth, Twelfth, Fifteenth, and Sixteenth causes of action in the Complaint. In support thereof, Defendants state as follows:

**A.     Legal Standard**

    1.     *Standard for Motion to Dismiss*

Although a Complaint's allegations are taken as true when up against a motion to dismiss, it must still provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A complaint must state a plausible claim for relief, meaning it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (*abrogated on other grounds*) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Otherwise, it will not survive dismissal. *See id.*

Plaintiff's factual allegations must include "either direct or inferential allegations respecting all material elements" of the asserted cause of action. *See Twombly,* 127 S. Ct at 1965. While "[s]pecific facts are not necessary," it must "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly,* 127 S. Ct. at 2200, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts" will not survive dismissal).

    2.     *Standard for Motion for More Definite Statement*

Under the Federal Rules of Civil Procedure, a defendant faced with a vague and ambiguous complaint is not expected to respond. Rather, the defendant is expected to move for a more definite statement under Rule 12(e). *Anderson v. District Board of*

*Trustees of Cent. Florida Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Proper pleadings keep the issues, discovery, and entire docket manageable. *Anderson*, 77 F.3d at 367. Rule 12(e) motions are proper where the pleadings are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018).

**B.      The Tenth Cause of Action for "Fraud" Is Not Plead With Particularity**

Fraud must be plead with particularity. Fed R. Civ. P. 9(b) ("must state with particularity the circumstances constituting fraud"); Fla. R. Civ. P. 1.120(b); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (affirming Middle District's dismissal of fraud claim that failed particularity requirements of Federal and Florida rules). The Middle District Court in *Whitehurst* analyzed a female's claim for emotional trauma, *inter alia*, following her witnessing of an altercation between a Wal-Mart employee and suspected shoplifter. *Whitehurst v. Wal-Mart Stores E., L.P.*, No. 3:06-CV-191-J-32MCR, 2007 WL 2071433, at *1 (M.D. Fla. July 13, 2007) (*aff'd in part; id.*). The fraud claim alleged that Wal-Mart purported to be a professional store where customers can enjoy a safe shopping experience when in fact. . . Wal-Mart hires unprofessional employees with criminal histories, such as the subject employee. *Id.* at *2 (citations omitted). The Middle District found that this claim suffered from two defects: (1) failure to plead with particularity; and (2) failure to plead the injury element. *Id.* (citing *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)). In turn, it invoked the four elements of actionable fraud, established by Florida's Supreme Court: (1) false statement concerning a material fact; (2) knowledge by person the making statement that the

representation is false; (3) intent by person making the statement that the representation will induce reliance; and (4) reliance on the representation to the injury of another party. *See Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)).

As to element 1 of fraud, the statement must include "the who, what, when where, and how." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted); *see also Houri v. Boaziz*, 196 So. 3d 383, 393 (Fla. Dist. Ct. App. 2016). Put another way, it must set forth:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud."

*Garfield,* 466 F.3d at 1262.

Here, Plaintiff has failed to adequately plead element 1. The Plaintiff has neither identified any alleged fraudulent statements, nor the specificity required in *Garfield*. Although Plaintiff "adopts by reference the preceding Factual Allegations. . ." (Compl. at 32, ¶ 118), this is precisely the "most common type" of shotgun pleading rejected by the Eleventh Circuit:

> "The most common type—by a long shot—is a complaint containing multiple counts where each count ***adopts the allegations*** of all preceding counts, causing each successive count to carry all that came before..."

*Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180, at *8-10 (S.D. Fla. Jan. 28, 2016) (emph. added) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)).

Such a shotgun pleading "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 10.   Nor does Plaintiff address any of the who, what, when, where, and how elements as required by both the Eleventh Circuit and Florida.  *See Garfield*, 466 F.3d at 1262; *Houri v. Boaziz*, 196 So. 3d at 393.

Additionally, Plaintiff's heading of "Fraud/Intentional Misrepresentation" (Compl. at 32) is confusing: Are they plead interchangeably, alternatively, or additionally? Is the former inclusive of the latter? These are all possibilities.   *See*, e.g., *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984) (intentional misrepresentation is an element of fraud); *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (misrepresentation irrelevant to fraud).   Leaving Defendants guessing, this cause of action is a shotgun pleading that should be dismissed.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)).

Alternatively, the fraud and/or misrepresentation claim should be plead as a more definite statement because it is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.

**C.     The Twelfth Cause of Action for "Unfair Business and Labor Practices" Is Not a Cause of Action**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Compl. at 36, ¶ 133), constituting another shotgun pleading that should be dismissed.  (*See* Section B, *supra*).

On independent grounds, it is a shotgun pleading because it "commits the sin of not separating into a different count each cause of action." *Smith v. Beverly Hills Club*

*Apartments, LLC*, No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180, at *8-10 (S.D. Fla. Jan. 28, 2016) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)). Specifically, this cause of action is titled "Unfair Business and Labor Practices," a phrase which Defendant's Counsel could find ***nowhere*** in case law for the Eleventh Circuit, or for Florida. Even more confusing, the cause of action concludes with the phrase "unfair and deceptive practices," which omits the heading's word "labor" and adds the word "deceptive." Compl. at 36, ¶ 136. Defendant is left to guess whether Plaintiff is invoking the Federal Trade Commission Act's "***unfair or deceptive*** acts or practices" (15 U.S.C. § 45(a)(1)), the Federal Service's ***Labor-***Management Relations Statute (5 U.S.C. § 7134), or Florida's "***Deceptive and Unfair*** Trade Practice" (Fla. Stat. § 501.201). Defendant is left guessing whether Plaintiff is invoking all, some, or none of these statutes. Failing to put Defendant on adequate notice, this pleading must be dismissed. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)). Alternatively, the pleading is "so vague or ambiguous" that it must be plead as a more definite statement. *See Jackson,,* 898 F.3d at 1357–58.

**D.      The Fifteenth Cause of Action for "Intentional Infliction of Emotional Distress" Omits Elements and Conflates with "Vicarious Liability"**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Compl. at 39-40, ¶ 148), yet another shotgun pleading that fails to give *any* of the Defendants (it is plead "Against all Defendants") notice. These are grounds, alone, for dismissal. (*See* Discussion *supra,* Section B).

6
**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Additionally, the claim fails to address "all material elements" of the asserted cause of action. *See Twombly,* 127 S. Ct. at 1965. Under Florida law, the elements of intentional infliction of emotional distress ("IIED") are: (1) deliberate or reckless infliction of metal suffering; (2) by outrageous conduct; (3) which conduct must have caused the emotional distress; and (4) the distress was severe. *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1256 (M.D. Fla. 2011).

Presumably attempting to satisfy element 1 of IIED, Plaintiff alleges the "indifference" of Defendant Decker (Compl. at 40, ¶ 149), but this hardly rises to the level of deliberate or reckless. Plaintiff then alleges that Defendants Presto and Trindle did not take action, despite their "knowledge" of Plaintiff's distress (*Id.* at ¶ 150). The word "knowledge" here does not refer to the Defendants Presto's and Trindle's mental state, but rather to their alleged knowledge of another's indifference to Plaintiff. This is a step removed from the direct knowledge requirement vis-a-vis Plaintiff in element 1. Therefore, Plaintiff's IIED claim should be dismissed.

Regarding element 2 of IIED, Florida's adoption of the Restatement of Torts requires that the conduct be so "extreme" that it goes "beyond all possible bounds of decency" so as to be regarded as "atrocious," "utterly intolerable in a civilized community," and arouse such resentment that an average community member would exclaim, 'Outrageous!'" *Legrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004). To be atrocious, the defendant must have abused their power, by causing fear, for financial gain. *See Dominguez v. Equitable Life Assurance Soc.,* 438 So. 2d 58, 61-62 (Fla. 3d DCA 1983) (permitting claim for IIED where insurance agent falsely stated that

plaintiff was not covered for medical care, in a fraudulent attempt to trick her into surrendering her policy). Here, although it is alleged that Defendants Decker, Presto, and Trindle had "inherent authority over students" (Compl. at 40, ¶ 149, 150), Plaintiff fails to allege that they "abused" this power or used it for "financial gain" or any gain for that matter. *See id.* In failing to plead element 2, Plaintiff's IIED claim should be dismissed.

Of note, Plaintiff fails to allege any facts to support IIED against Defendant Gentry, despite stating that this cause of action is against "All Defendants." (Compl. at 39). Failure to put Defendants on adequate notice is grounds alone for dismissal.

Finally, regarding Defendant KU, Plaintiff merely alleges that KU be held vicariously liable. However, under Florida law, vicarious liability must be plead as a separate cause of action. *See, e.g., Goldschmidt v. Holman,* 571 Sosev. 2d 422 (Fla. 1990) (holding that complaint failed to set forth any facts establishing agency element of vicarious liability); *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1128 (Fla. 1985) (holding that failure to plead vicarious liability could not render defendant vicariously liable). Counsel has conducted a detailed analysis of the sixteen causes of action in this 43-page Complaint, and not a single one pleads vicarious liability (*see* Compl., *generally)*. The two elements of vicarious liability are: (1) agent was an employee controlled by the employer; and (2) employee was acting within the course and scope of employment. Fla. R. Civ. P. 1.110(b); *see id.* Although Plaintiff alleges that Defendant Decker acted "within the scope of her employment at KU" (Compl. at 41, ¶ 152), this is merely a legal conclusion. Even then, it is not alleged against Defendants

Presto and Trindle. Of course, "control" has not been plead against any Defendant. Finally, Defendant Gentry is missing from this cause of action altogether, leaving Defendants guessing and without adequate notice. Taken together, the IIED claim must be dismissed. In the alternative, it is so vague or ambiguous that it must be plead as a more definite statement.

E.   **The Sixteenth Cause of Action for "Negligent Infliction of Emotional Distress" Fails to Satisfy the Impact Rule**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Compl. at 41, ¶ 153), constituting a shotgun pleading that fails to give *any* of the Defendants (it is plead "Against all Defendants") notice. This, alone, is grounds for dismissal. (*See* Discussion *supra,* Section B).

Additionally, the claim for negligent infliction of emotional distress ("NIED") fails to address "all material elements." *See Twombly*, 127 S. Ct. at 1965. Unlike IIED, NIED must satisfy Florida's impact rule. *Weld v. Se. Companies, Inc.*, 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998). Under the impact rule, the emotional distress must flow from a ***physical injury*** sustained by ***physical impact***. *Id.* at 1257 (citations omitted) (emph. added); *see also Resley v. Ritz-Carlton Hotel Co.*, 989 F. Supp. 1442, 1448 (M.D. Fla. 1997) (citations omitted) (physical "contact" of grabbing and kissing female – although unwanted – is not physical injury). Here, although Plaintiff cites "head aches and stomach pain" (Compl. at 41, ¶ 155), these are subsequent, physical manifestations of distress, which are ***irrelevant*** to the requirement for physical injury from physical impact. Failing to satisfy the impact rule, the NIED claim should be dismissed.

Of note, Plaintiff declines to allege NIED Defendant Gentry, despite waging this cause of action against "All Defendants." (Compl. at 41). Again, defendants are left guessing and without adequate notice, which is grounds alone for dismissal.

Regarding Defendant KU, Plaintiff merely alleges that she was the "target of the negligent actions of. . . KU." (Compl. at 41, ¶ 156). Plaintiff is essentially alleging that KU has committed NIED because KU is negligent. This is circular, conclusory, and meaningless, and therefore grounds for dismissal.

In the alternative, this cause of action is "so vague or ambiguous" that a more definite statement is warranted.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court: (1)(a) dismiss the **tenth, twelfth, fifteenth, and sixteenth** causes of action in Plaintiff's Complaint; or, in the alternative, (1)(b) require Plaintiff to amend the Complaint and provide a more definite statement as to the tenth, twelfth, fifteenth, and sixteenth causes of action; and (2) grant such other and further relief that this Honorable Court deems just and proper.

## Local Rule 3.01(g) Certification

The Undersigned Counsel for Defendants herein certifies that it has attempted to confer with Plaintiff's Counsel, via email and telephone. Plaintiff's Counsel has failed to respond. The parties have not agreed on resolution of any part of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendants KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO*
> Esperante Building
> 222 Lakeview Avenue, Suite 120
> West Palm Beach, Florida 33401
> Telephone (561) 383-9229
> Facsimile (561) 683-8977
> Primary e-mail: justin.sorel@csklegal.com
> Secondary e-mail: shayna.sehayik@csklegal.com
> Alternate e-mail: patricia.betit@csklegal.com
>
> By:   *s/Justin C. Sorel*
> JUSTIN C. SOREL
> Florida Bar No.:  0016256
> SHAYNA T. SEHAYIK
> Florida Bar No.: 1024096

6566.0025-00/23296533