UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00318-MSS-JSS

JASMINE HUNGERMAN,

    Plaintiff,

v.

KEISER UNIVERSITY; PROFESSOR
BROOKE DECKER; PROFESSOR
AMBERLYN GENTRY; DEAN HAROLD
TRINDLE; PROGRAM DIRECTOR
KIMBERLY PRESTO; and DOES 1-100,

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AS TO THE TENTH, TWELFTH, FIFTEENTH, SIXTEENTH, AND SEVENTEENTH CAUSES OF ACTION IN THE AMENDED COMPLAINT**

COMES NOW Defendants, KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO (herinafter, collectively "Defendants"), and pursuant to Rules 8(a), 10(b), 12(b)(6), and 12(e), Fed. R. Civ. P., hereby files their Motion to Dismiss, or in the alternative, Motion for More Definite Statement as to, the Tenth, Twelfth, Fifteenth, Sixteenth, and Seventeenth Causes of Action in the Amended Complaint.  In support thereof, Defendants state as follows:

A.  **Legal Standard**

*Standard for Motion to Dismiss*

Although a Complaint's allegations are taken as true when up against a motion to dismiss, it must still provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  A complaint must state a plausible claim for relief, meaning it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (*abrogated on other grounds*) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  Otherwise, it will not survive dismissal.  *See id.*

Plaintiff's factual allegations must include "either direct or inferential allegations respecting all material elements" of the asserted cause of action.  *See Twombly,* 127 S. Ct at 1965.  While "[s]pecific facts are not necessary," it must "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly,* 127 S. Ct. at 2200, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts" will not survive dismissal).

2.  *Standard for Motion for More Definite Statement*

Under the Federal Rules of Civil Procedure, a defendant faced with a vague and ambiguous complaint is not expected to respond.  Rather, the defendant is expected to move for a more definite statement under Rule 12(e).  *Anderson v. District Board of*

*Trustees of Cent. Florida Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Proper pleadings keep the issues, discovery, and entire docket manageable.  *Id.* at 367.  Rule 12(e) motions are proper where the pleadings are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.  *Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1357–58 (11th Cir. 2018).

**B.     The Tenth Cause of Action – Fraudulent Misrepresentation – Lacks Particularity**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Am. Compl. at 32 ¶ 118), which is precisely the "most common type" of shotgun pleading rejected by the Eleventh Circuit:

> "The most common type—by a long shot—is a complaint containing multiple counts where each count ***adopts the allegations*** of all preceding counts, causing each successive count to carry all that came before..."

*Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180, at *8-10 (S.D. Fla. Jan. 28, 2016) (emph. added) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015)).  Such a shotgun pleading "fail[s] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 10.   Failing to provide notice, the fraudulent misrepresentation claim must be dismissed.

Second, actionable fraud must be plead with particularity.  Fed R. Civ. P. 9(b) ("must state with particularity the circumstances constituting fraud"); Fla. R. Civ. P. 1.120(b);  *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (affirming Middle District's dismissal of fraud claim for failing particularity requirement of Federal

and Florida rules). The Middle District Court in *Whitehurst* analyzed a female's claim for emotional trauma, *inter alia*, following her witnessing of an altercation between a Wal-Mart employee and suspected shoplifter. *Whitehurst v. Wal-Mart Stores E., L.P.*, No. 3:06-CV-191-J-32MCR, 2007 WL 2071433, at *1 (M.D. Fla. July 13, 2007) (*aff'd in part; id.*). The fraud claim alleged that Wal-Mart purported to be a professional store where customers can enjoy a safe shopping experience when in fact. . . Wal-Mart hires unprofessional employees with criminal histories, such as the subject employee. *Id.* at *2 (citations omitted). The Middle District found that this claim suffered from two defects: (1) failure to plead with particularity; and (2) failure to plead the injury element. *Id.* (citing *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)). In turn, it invoked the four elements of actionable fraud, established by Florida's Supreme Court: (1) false statement concerning a material fact; (2) knowledge by person the making statement that the representation is false; (3) intent by person making the statement that the representation will induce reliance; and (4) reliance on the representation to the injury of another party. *See Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984)).

As to the first element of fraud – false statement concerning a material fact – the statement must include "the who, what, when, where, and how." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citations omitted); *see also Houri v. Boaziz*, 196 So. 3d 383, 393 (Fla. Dist. Ct. App. 2016). Put another way, it must set forth:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled

the plaintiff; and (4) what the defendants obtained as a consequence of the fraud."

*Garfield,* 466 F.3d at 1262.

Here, Plaintiff has not plead the "who, what, when, where, and how" as required by *Garfield*, let alone a fraudulent statement in the first place. (Am. Compl. at 32-34 ¶¶ 118-25); *see* 466 F.3d at 1262. Plaintiff alleges that Keiser "marketed and advertised" (*Id.* at ¶ 120) "...material facts... contained on KU's website and in materials" (*Id.* at ¶ 121), which constitute the "statements" (*Id.*). At no point are the statements provided. Therefore, Defendant Keiser University is left guessing and without adequate notice of the fraud claim against it. Thus, the fraudulent misrepresentation claim should be dismissed, or in the alternative, plead as a more definite statement.

C.  **The Twelfth Cause of Action – Deceptive and Unfair Trade Practices Under Fla. Stat. § 501.201 – Fails to Plead Actual Damages**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Am. Compl. at 36 ¶ 132), yet another shotgun pleading that is grounds for dismissal. (*See* Discussion *supra,* Section B).

Next, the elements of "Deceptive and Unfair Trade Practices under Fla. Stat. § 501.201" ("FDUTPA") are: (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013) (granting summary judgment where plaintiff failed to prove actual damages). Actual damages must be plead in the Complaint, and any reference to other types of damages warrants dismissal of the entire FDUTPA claim. *See Rodriguez v. Recovery Performance & Marine, LLC*, 38 So. 3d 178, 180 (Fla. Dist. Ct. App. 2010) (citing *Smith*

*v. 2001 S. Dixie Highway, Inc.*, 872 So. 2d 992, 994 (Fla. Dist. Ct. App. 2004) (affirming dismissal with prejudice where FDUTPA plaintiff improperly sought consequential damages, rather than actual damages). Actual damages are the difference in market value between the service as delivered; and the service as it should have been delivered, under the contract. *Rodriguez*, 38 So. 3d at 180.

In *Smith*, an employee of a car dealership, underwhelmed with the dealership's discount for employees, purchased a car from a competitor dealership, resulting in termination from employment. 872 So. 2d at 993. The employee's complaint under FDUTPA sought various damages, including monetary damages related to the loss of her employment. *Id.* at 994. Florida's appellate court held that these were consequential damages and so, like special damages, were not recoverable under the FDUTPA. *Id.* Poignantly, the Court dismissed the entire FDUTPA claim. *Id.*

Here, Plaintiff alleges that, under this statute, she is "entitled to compensatory damages..." (Am. Compl. at 39 ¶ 147). Compensatory damages presumably extend to mental anguish, disfigurement, and others, which are even broader than the consequential damages denied for overbreadth in *Smith*. *See* 872 So. 2d at 994. Plaintiff's Amended Complaint contains the same, or even more severe, defect as in *Smith,* where actual damages were "not plead within the four corners of [the] complaint," and dismissal was proper. *See* 872 So. 2d at 993. It is also a shotgun pleading, which is grounds alone for dismissal. Alternatively, the FDUTPA claim should be plead as a more definite statement.

**D.     The Fifteenth Cause of Action – Intentional Infliction of Emotional Distress – Fails to Plead Outrageous Conduct**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Am. Compl. at 42 ¶ 159), yet another shotgun pleading that warrants dismissal. (*See* Discussion *supra,* Section B).

Additionally, the claim fails to address "all material elements" of the asserted cause of action. *See Twombly,* 127 S. Ct. at 1965.   Under Florida law, the elements of intentional infliction of emotional distress ("IIED") are: (1) deliberate or reckless infliction of metal suffering; (2) by outrageous conduct; (3) which conduct must have caused the emotional distress; and (4) the distress was severe. *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1256 (M.D. Fla. 2011).

Regarding element 2 of IIED, outrageous conduct,  Florida's adoption of the Restatement of Torts requires that the conduct be so "extreme" that it goes "beyond all possible bounds of decency"  so as to be regarded as "atrocious," "utterly intolerable in a civilized community," and arouse such resentment that an average community member would exclaim, 'Outrageous!'" *Legrande v. Emmanuel*, 889 So. 2d 991, 994 (Fla. 3d DCA 2004).  To be atrocious, the defendant must have abused their power, by causing fear, for financial gain. *See Dominguez v. Equitable Life Assurance Soc.,* 438 So. 2d 58, 61-62 (Fla. 3d DCA 1983) (permitting IIED claim where insurance agent falsely stated that plaintiff was not covered for medical care, in a fraudulent attempt to trick her into surrendering her policy).

Here, although it is alleged that Defendants Decker, Presto, and Trindle had "inherent authority over students" (Am. Compl. at 40 ¶¶ 149, 150), Plaintiff fails to allege that they abused this power or used it for financial gain or any gain for that matter. *See id*. Plaintiff alleges that Professor Decker issued "unjustified grades," and that Professor Gentry issued "poor grades." (*Id*. at 42-44 ¶¶ 159-68), neither of which purports to allege abuse of power. Even the allegation that Professors Decker and Gentry "falsely accused" (*Id*. at 42 ¶¶ 160, 164), and that Professor Gentry "retaliated" (*Id*. at 43 ¶ 164), are not accompanied by allegations of abuse of power for financial gain. Therefore, the IIED claim should be dismissed for failure to plead outrageous conduct. Alternatively, the IIED claim should be plead as a more definite statement.

**E.     The Sixteenth Cause of Action – Negligent Infliction of Emotional Distress – Violates the Impact Rule**

At the outset, this Count "adopts by reference the preceding Factual Allegations..." (Am. Compl. at 45 ¶ 169), constituting a shotgun pleading that fails to give notice to *any* of the Defendants (it is plead "Against all Defendants"). This, alone, is grounds for dismissal. (*See* Discussion *supra,* Section B).

Additionally, the claim for negligent infliction of emotional distress ("NIED") fails to address "all material elements." *See Twombly*, 127 S. Ct. at 1965. Unlike IIED, NIED must satisfy Florida's impact rule. *Weld v. Se. Companies, Inc.*, 10 F. Supp. 2d 1318, 1323 (M.D. Fla. 1998). Under the impact rule, a ***physical impact*** must cause ***physical injury*** that in turn causes emotional distress. *Id.* at 1257 (citations omitted) (emph. added); *see also Resley v. Ritz-Carlton Hotel Co.*, 989 F. Supp. 1442, 1448 (M.D. Fla. 1997) (citations

omitted) (physical "contact" of grabbing and kissing female – although unwanted – is not physical injury).

Plaintiff fails allege the three elements of the impact rule. First, she fails to allege whatsoever physical impact. (*See, generally,* Am. Compl. at 45-47 ¶¶ 169-82). This is grounds alone for dismissal of the NIED claim. Second, she fails to allege any physical injury resulting from said impact. Third, she fails to allege that the physical injury caused emotional distress. Rather, alleges that emotional distress caused the physical injury – "psychological trauma" causing "headaches and stomach pains" (*Id.* at 47 ¶ 181) – or that emotional distress caused emotional distress: "stress" caused anxiety attack" (*Id.* ¶ 171); "anxiety, sadness, fear, and anger" caused a "panic attack" (*Id.* ¶ 174); "psychological trauma" caused "increase in the severity of the symptoms of PTSD (*Id.* ¶ 180). Taken together, these are three independent grounds for NIED dismissal.

Of note, Plaintiff declines to allege NIED against Defendant Gentry, despite directing the NIED claim against "All Defendants." (Am. Compl. at 44). Defendants are left guessing and without adequate notice, which is additional grounds for dismissal. Alternatively, the NIED claim is so vague and ambiguous that it must be plead as a more definite statement.

**F.     The Seventeenth Cause of Action – Vicarious Liability – Fails to Specify the Cause(s) of Action to Which It Attaches**

At the outset, the vicarious liability cause of action should be numbered "Seventeenth." (Am. Compl. at 47). Additionally, this Count "adopts by reference the preceding Factual Allegations..." (*Id.* at 47 ¶ 183), constituting a shotgun pleading that fails to put Keiser on proper notice, warranting dismissal. (*See* Discussion *supra,* Section B).

Next, the vicarious liability claim does not specify the cause or causes of action to which it attaches. The two elements of a vicarious liability cause of action are: (1) agent was an employee controlled by the employer; and (2) employee was acting within the course and scope of employment. Fla. R. Civ. P. 1.110(b); *see Goldschmidt v. Holman*, 571 So. 2d 422 (Fla. 1990) (requiring both elements to be plead); *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1128 (Fla. 1985) (same). Here, Plaintiff only pleads the phrase "course and scope" in the final paragraph vis-a-vis- the IIED claim. (Am. Compl. at 48 ¶ 189). The insertion of IIED, to the exclusion of all the other direct liability claims, leaves Keiser guessing as to whether IIED is the *only* claim for which it is alleged to be vicariously liable for, or whether Plaintiff intends to allege vicarious liability for *all* the direct claims, or just *some* of them. All three interpretations are possible. Without adequate notice, the vicarious liability claim should be dismissed. Alternatively, it should be plead as a more definite statement.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Honorable Court Dismiss the following causes of action:

(1) The tenth – Fraudulent Misrepresentation – for being a shotgun pleading, and for lacking particularity;

(2) The twelfth – Deceptive and Unfair Trade Practices under Fla. Stat. § 501.201 – for being a shotgun pleading, and for failing to plead actual damages;

(3) The fifteenth – Intentional Infliction of Emotional Distress – for being a shotgun pleading, and for failing to plead outrageous conduct;

(4) The sixteenth – Negligent Infliction of Emotional Distress – for being a shotgun pleading, and for violating the impact rule; and

(5) The seventeenth – Vicarious Liability – for being a shotgun pleading, and for failing to specify the cause(s) of action to which it attaches.

Alternatively, Defendants request that this Honorable Court require Plaintiff to provide a more definite statement as to the causes of action above.

Finally, Defendants request such other and further relief this Honorable Court deems just and proper.

## Local Rule 3.01(g) Certification

The Undersigned Counsel for Defendants herein certifies that it has conferred with Plaintiff's Counsel.  The parties have spoken, but have not agreed on resolution of any part of this motion.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

<div style="margin-left:auto">

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9229
Facsimile (561) 683-8977
Primary e-mail: justin.sorel@csklegal.com
Secondary e-mail: shayna.sehayik@csklegal.com
Alternate e-mail: patricia.betit@csklegal.com

By: *s/ Justin Sorel*
JUSTIN C. SOREL
Florida Bar No.: 0016256

</div>

6566.0025-00/23296533