UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASMINE HUNGERMAN,   CASE NO.: 8:21-cv-00318-MSS-JSS

    Plaintiff,   JUDGE MARY SCRIVEN

v.

KEISER UNIVERSITY; PROFESSOR
BROOKE DECKER; PROFESSOR
AMBERLYN GENTRY; DEAN HAROLD
TRINDLE; PROGRAM DIRECTOR
KIMBERLY PRESTO; and DOES 1-100,

    Defendants.

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AS TO THE TENTH, TWELFTH, FIFTEENTH, SIXTEENTH, AND SEVENTEENTH CAUSES OF ACTION IN THE AMENDED COMPLAINT**

NOW COMES Plaintiff, JASMINE HUNGERMAN by and through her undersigned counsel, and files this response in opposition to Defendants' Motion to Dismiss, or in the alternative Motion for More Definite Statement (hereinafter, the "Motion to Dismiss") and asks the Court to rule in her favor, as follows:

1

## ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff, Jasmine Hungerman (hereinafter, the "Plaintiff" or "Ms. Hungerman") filed this lawsuit in response to outrageous treatment she endured as a student at Keiser University (hereinafter, "Keiser"). Ms. Hungerman came to Keiser with an excellent academic record in all of her previous studies. She was even elected the President of her student body at Keiser. And yet, Keiser treated her in a way that is unimaginable for persons and companies in the for-profit business of educating young persons.

Plaintiff's Amended Complaint alleges that while she was enrolled as a student in Keiser's Bachelor of Science in Nursing (hereinafter, "BSN") program she faced an unsafe, hostile, and hazardous educational environment. (Amended Complaint, ¶¶ 26 through 63). When she asked for explanations, she received none. (Id., ¶ 27, a-c). When she asked for relief from this continued harassment and abuse from Keiser's instructors, she instead faced shocking retaliation. (Id., ¶ 51). These outrageous actions aggravated Ms. Hungerman's Post-Traumatic Stress Disorder (hereafter, "PTSD"). (Id., ¶ 5). Despite bringing these issues to the appropriate Keiser staff members numerous times, Keiser and the individual defendants failed to protect Ms. Hungerman from the abuse and also refused to provide any reasonable accommodation for Ms. Hungerman's disability. (Id., ¶¶ 67 through 71).

As a result of Keiser and their employees' actions and inactions, Ms. Hungerman experienced serious emotional distress and trauma, as well aggravation of the symptoms of her post-traumatic stress disorder. (Id., ¶¶ 167, 175, 176, 178, 180, et al.). She also experienced physical manifestations that resulted from the outrageous actions and omissions by Defendants. (Id., ¶ 181). The eventual effect of these acts and omissions was that Ms. Hungerman was forced to withdraw her enrollment from Keiser on August 24th, 2020, depriving her of the educational benefits and opportunities that Keiser provides. (Id., ¶¶ 5 and 63.) She now faces challenges and complications arising from her lost earnings and earning capacity. (Id., ¶¶ 101 and 155).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a Plaintiff to plead "a short and plain statement of the claim showing that [they are] entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need only provide Defendants "fair notice" of the claims and their respective factual bases. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Specific facts are not necessary."). A complaint should be upheld if it is "supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Id.,* at 563. Courts view 12(b)(6) motions with disfavor. *Brooks v. Blue Shield of Fla., Inc.,* 116 F.3d 1369 (11th Cir. 1997) ("We hasten to add that [a 12(b)(6) motion] is viewed with disfavor and rarely

3

granted.") When considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff. *Timson v. Sampson,* 518 F.3d 870, 872 (11th Cir. 2008).

## SUMMARY OF ARGUMENT

Defendants challenge the sufficiency of several of the counts in the Amended Complaint, as follows:

Plaintiff denies that Counts Fifteen (Intentional Infliction of Emotional Distress) and Sixteen (Negligent Infliction of Emotional Distress) are insufficiently pled, for the reasons set out below.

Plaintiff does not deny that Count Ten (Fraudulent Misrepresentation) and Count Seventeen (Vicarious Liability), (incorrectly labelled as Count Sixteen, *see* ¶¶ 183 through 189) are insufficiently pled and fail to state causes of action. Accordingly, Plaintiff withdraws these two counts.

Plaintiff denies that Count Twelve (Deceptive and Unfair Trade Practices Under Fla. Stat. § 501.201) is insufficiently pled to state a cause of action. However, Plaintiff concedes that this count fails to plead actual damages with specificity. Accordingly, Plaintiff suggests that the Defendant's Motion to Dismiss be denied as to this count, and Plaintiff agrees to provide a more definite statement as to the damages in this count.

For the reasons stated herein, Plaintiff respectfully requests that this Court deny the relief requested in Defendants' Motion to Dismiss, except as to Counts Ten, Twelve and Seventeen.

## ARGUMENT

### I. The Amended Complaint is not an impermissible "shotgun pleading".

Plaintiff respectfully suggests that Defendant has misread the Amended Complaint or misunderstands the authority it has cited regarding this issue, or both.

Defendants' Motion to Dismiss asserts that the Amended Complaint is "precisely the 'most common type' of shotgun pleading rejected by the Eleventh Circuit", and cites *Smith v. Beverly Hills Club Apartments*, LLC, No. 1:15-cv-23450-KMM, 2016 U.S. Dist. LEXIS 10180, at *8-10 (S.D. Fla. Jan. 28, 2016) for this claim. Plaintiff suggests that Defendant has misunderstood and misapplied *Smith, Id.* Simply by reading the quote referred to by Defendants' counsel, it can be seen that this argument is inapt.

The Eleventh Circuit said in *Smith, id,* that:

> [t]he most common type [of shotgun complaint]—by a long shot— is a complaint containing multiple counts where each count **adopts the allegations** of all preceding counts, causing each successive count to carry all that came before...". [Emphasis is by Defendant]

5

That Defendant's counsel has misread this quote is apparent from the specific words that they chose to emphasize by bolding the type. The Defendant is suggesting that a complaint that adopts **any** of the preceding allegations would be defective. This is not so. The court said, rather, that "where each count adopts the allegations of **all preceding counts**", such a complaint would be considered a common type of impermissible pleading.

The Plaintiff's Amended Compliant clearly does not adopt "**all** preceding counts". Instead, each count of the Amended Complaint carefully denotes that it is adopting only "the preceding Factual Allegations". It then references the specific paragraphs that are being incorporated, to wit: Paragraphs 22-65 of the Amended Complaint. The incorporated paragraphs do not contain any "preceding count", and the Amended Complaint is therefore not a "shotgun complaint", as the very case cited by Defendants makes clear.

### II. Plaintiff has Properly Plead the Outrageous Conduct Requirement in the Fifteenth Cause of Action—Intentional Infliction of Emotional Distress

Defendants argue that the Fifteenth Cause of Action should be dismissed because plaintiff failed to plead any outrageous conduct required to maintain a claim of intentional infliction of emotional distress. (Def's Motion to Dismiss, at Page 153). The question of what constitutes outrageous conduct is a matter of law to be resolved by the courts. *Elger v. Martin Mem'l Health Sys., Inc.,* 6

F. Supp. 2d 1351, 1354 (S.D. Fla. 1998). "The viability of a claim for intentional infliction of emotional distress is highly fact-dependent and turns on the sum of the allegations in the specific case at bar." *Johnson v. Thigpen,* 788 So. 2d 410, 413 (Fla. 1st DCA 2001) [*18] (citing *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1537 (S.D. Fla. 1993)).

In *Doe v. Board of County Commissioners, Palm Beach County, Florida*, 815 F. Supp. 1448, 1450 (S.D. Fla. 1992), the court held that, where a plaintiff alleges a handicap, the Restatement specifically provides that outrageous conduct:

> may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. The conduct may become heartless, flagrant, and outrageous when the actor proceeds in the face of such knowledge, where it would not be so if he did not know." *Id.* at 1450 RESTATEMENT (SECOND) OF TORTS § 46 cmt. [**5].

In *Doe*, the Court found that the plaintiff had sufficiently stated a claim for intentional infliction of emotional distress because she alleged that her supervisor knew of her mental handicap, harassed her for absences caused by the handicap, harassed plaintiff for tardiness that resulted from treatment necessary for the handicap, and maliciously pestered Doe with intrusive questions about the nature and extent of her handicap. *Id.* These facts are nearly on all fours with the case at bar.

7

As a threshold matter, Ms. Hungerman also suffers from a disability. Her Amended Complaint is replete with specific allegations of the very sort described in *Doe*. Plaintiff alleged that Defendant Decker had knowledge of Ms. Hungerman's anxiety disorders and continued to engage in the alleged conduct. (Am. Compl., ¶ 166, et al.) She alleges that "Professor Decker's conduct toward Ms. Hungerman was extreme and outrageous given Professor Decker's inherent authority over her students," including Ms. Hungerman, (Am. Compl., ¶ 163.) Ms. Hungerman alleged that Professor Decker was harshly indifferent to her susceptibility to emotional distress, despite her repeated communications with this professor about her difficulties inside and outside of the classroom. (Am. Compl. ¶161).

Additionally, both Defendant Presto and Defendant Trindle were aware of Ms. Hungerman's PTSD and anxiety disorder. Plaintiff had informed both of them of her anxiety issues throughout her mistreatment by Professor Decker. (Am. Compl. ¶166). Finally, Defendant Gentry also knew of Plaintiff's susceptibility to emotional distress. Professor Gentry's indifference to Ms. Hungerman's susceptibility to emotional distress continued despite Ms. Hungerman's repeated communications with Professor Gentry about her difficulties inside and outside the classroom. (Am. Compl. ¶163). Ms. Hungerman was disabled and consequently in an emotionally vulnerable position which rendered her peculiarly susceptible to emotional distress.

8

Defendants claims that, "to be atrocious, [a] defendant must have abused their power, by causing fear, for financial gain." (Def's Motion to Dismiss, Page 152). Defendant argues that *Dominguez v. Equitable Life Assurance Soc.*, 438 So. 2d 58, 61-62 (Fla. 3d DCA 1983) supports their theory that the only way a plaintiff can maintain a claim of intentional infliction of emotional distress in this circuit is to allege that the defendant "abused … power or used it for financial gain or any gain for that matter."

Respectfully, that is not a correct statement of the law; Defendant has misread and misapplied *Dominguez*. *Dominguez* involved a situation where a party used its power for financial gain. The court in *Dominguez* based its holding on subsections (e) and (f) to Section 46 of the Restatement. Neither of those subsections mentions financial gain as a requirement. One of these subsections, Subsection (f), is the very language which the court in *Doe* based its holding that outrageous conduct "may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity." *Doe*, at 1450.

Plaintiff has suffered terrible damage from the actions of Keiser and its staff. She was a top student before coming to Keiser, yet certain Keiser instructors consistently gave her failing grades for assignments which other students were graded much higher for, and for poorer performance; nevertheless, the instructors refused to explain their harsh grading. When

9

Plaintiff turned in work on many occasions, her instructors pretended that she had never turned it in and gave her failing grades. Plaintiff frequently pleaded with staff members for explanations and for accommodations for her disability. Instead, she was berated and degraded by Keiser staff in front of other students for reasons that blatantly were untrue. Plaintiff frequently apprised Keiser staff of her disabilities, and yet she never received accommodations; instead, she received derision and more bad grades.

Nothing in Florida or Eleventh Circuit law limits claims of intentional infliction of emotion distress to situations where the defendant has used power to obtain financial gain, and there is no requirement that there be "allegations of abuse of power for financial gain" to properly plead a claim of intentional infliction of emotional distress. Plaintiff respectfully suggests that, when proven, the allegations by Plaintiff in her Amended Complaint would "…be viewed by a civilized community as outrageous and not as an indignity, annoyance or petty oppression for which the law affords no relief." *Dominguez, Id.*

The conclusion that the conduct alleged in the Amended Complaint is outrageous is amply supported by case law. Thus, Plaintiff requests that the court deny Defendants' Motion to Dismiss as to the Fifteenth Cause of Action.

### III. Plaintiff has Sufficiently Pled a Physical Injury in Count Sixteen - Negligent Infliction of Emotional Distress.

In her claim for Negligent Infliction of Emotional Distress, Plaintiff made numerous allegations that she was physically impacted by the conduct of each defendant. As a result of the stress from Professor Decker's actions toward Ms. Hungerman, she *had an anxiety attack*. (Am. Compl. ¶171). In response to maltreatment by Decker, Ms. Hungerman *could not sleep* that night because of everything that Professor Decker had put her through. (Am. Compl. ¶ 172-173). The next day, Ms. Hungerman was informed that her group would be starting a simulation in Professor Decker's room. As soon as Ms. Hungerman entered the room, *a wave of anxiety, sadness, fear, and anger overcame her* all at once, and she began to have *a panic attack*. (Am. Compl. ¶174). She alleged that this panic attack was in direct physical response to Professor Decker's treatment of Ms. Hungerman following an assignment.

Plaintiff has also pled specific instances of physical manifestations as a result of Defendant Presto's conduct. Ms. Hungerman had *a separate panic attack* in direct response to Director Presto's conduct during a meeting regarding Professor Decker's treatment. (Am. Compl. ¶176). During another meeting, Ms. Hungerman began to have *another panic attack* and left the meeting. (Am. Compl. ¶178). She experienced *physical pain from the alleged trauma including headaches and stomach pains.* (Am. Compl. ¶180).

Curiously, Defendants argue that Plaintiff's claim fails because Plaintiff "fails to allege that the physical injury caused emotional distress." (Def's Motion to Dismiss, ¶ 154). But the rule asserted by Defendants only bars recovery for purely "psychic injuries resulting from such trauma." *Williams v. Boyd-Panciera Family Funeral Care, Inc.*, 293 So. 3d 499, 500 (Fla. 4th DCA 2020). "[N]o impact need be shown where psychological trauma could be demonstrated to cause a demonstrable physical injury." *Id*.

Plaintiff respectfully suggests that the many instances where she has pled physical impact, referenced above, satisfy Florida and Eleventh Circuit pleading requirements regarding the necessary elements of a claim for Negligent Infliction of Emotional Distress. Thus, Plaintiff requests that the court deny Defendants' Motion to Dismiss as to Count Sixteen.

## LEAVE TO AMEND

Should the court GRANT Defendant's Motion to Dismiss as to Count Fifteen (Negligent Infliction of Emotional Distress) and/or Count Sixteen (Intentional Infliction of Emotional Distress), Plaintiff respectfully requests leave of court to amend these counts.

> Rule 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), paras. 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to

test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis,* 371 U.S. 178, (1962).

## CONCLUSION

For the reasons set forth hereinabove:

1. Plaintiff requests that the court DENY Defendants' Motion to Dismiss as to Count Fifteen (Negligent Infliction of Emotional Distress) and Count Sixteen (Intentional Infliction of Emotional Distress).

2. Plaintiff asks that the Defendant's Motion to Dismiss be DENIED regarding Count Twelve (Deceptive and Unfair Trade Practice), and Plaintiff agrees to provide a more definite statement as to the damages in this count. Should the court GRANT the Motion to Dismiss as to this count, Plaintiff respectfully requests leave of court to amend it.

3. Plaintiff does not object to the GRANTING of Defendant's Motion to Dismiss as to Counts Ten and Seventeen.

Respectfully submitted,

By: _____
ROOK ELIZABETH RINGER, ESQ.

13

Florida Bar No. 1015698
**LENTO LAW GROUP, P.A.**
222 San Marco Ave., Ste."C"
St. Augustine, FL 32084
904.602.9400 x 467 (Office)
904.299.5400 (Fax)
reringer@lentolawgroup.com
*Attorney for Plaintiff*

To be admitted Pro Hac Vice:
Keith Altman, Esq. (P81702)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
(516)456-5885
kaltman@lawampmmt.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23rd, 2021, I served the foregoing document on counsel for all Defendants of record *via* electronic filing:

_____
ROOK ELIZABETH RINGER, ESQ.
*Attorney for Plaintiff*

14