UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASMINE HUNGERMAN,

    Plaintiff,

v.                                         Case No: 8:21-cv-318-MSS-JSS

KEISER UNIVERSITY, BROOKE
DECKER, HAROLD TRINDLE,
KIMBERLY PRESTO, JOHN DOE 1-
100 and AMBER GENTRY,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' Motion to Dismiss, or In the Alternative, Motion for More Definite Statement, as to the Tenth, Twelfth, Fifteenth, Sixteenth, and Seventeenth Causes of Action in the Amended Complaint, (Dkt. 21), and Plaintiff's Response in opposition thereto. (Dkt. 22) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion to Dismiss.

### I.    BACKGROUND

This dispute arises out of Defendants Keiser University, Dean Harold Trindle, Program Director Kimberly Presto, Professor Brooke Decker, and Professor Amber Gentry's treatment of Plaintiff Jasmine Hungerman during Plaintiff's enrollment in Keiser University's accelerated Bachelor of Science in Nursing program. (Dkts. 1, 18)

Plaintiff alleges that, while she was a student at Keiser University, she suffered from continued harassment, retaliation, and abuse from Defendants, creating an unsafe, hostile, and hazardous educational environment. (Dkt. 18 at ¶ 4) Plaintiff asserts that Defendants' actions caused her to experience significant emotional distress and trauma and aggravated the symptoms of her Post-Traumatic Syndrome Disorder ("PTSD"). (Id. at ¶ 5)

Plaintiff asserts several causes of action against Defendants, including violations of the Americans with Disability Act ("ADA") and the Rehabilitation Act, and various state-law claims such as breach of contract and negligent misrepresentation. (Dkt. 18) Defendants specifically move to dismiss the following counts: (i) Fraudulent Misrepresentation ("Count X"); (ii) Deceptive and Unfair Trade Practices ("Count XII"); (iii) Intentional Infliction of Emotional Distress ("Count XV"); (iv) Negligent Infliction of Emotional Distress ("Count XVI"); and Vicarious Liability ("Count XVII"). (Dkt. 21) In response, Plaintiff withdraws Counts X and XVII. (Dkt. 22 at 4) Plaintiff further concedes that she fails to state a claim for Count XII and "agrees to provide a more definite statement as to the damages in this count." (Id. at 4-5) Plaintiff however submits that the Amended Complaint sufficiently pleads Counts XV and XVI — intentional and negligent infliction of emotional distress. (Id. at 6-12) If the Court grants Defendants' motion as to Counts XV and XVI, Plaintiff requests leave of court to amend her Amended Complaint to cure any deficiencies. (Id. at 12-13)

The Court therefore addresses Defendants' arguments only as to Plaintiff's claims for intentional and negligent infliction of emotional distress, Counts XV and XVI.

## II.   LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S.Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

#### A. Intentional Infliction of Emotional Distress

To plead a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must show that: "(1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous and is regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused the emotional distress; and (4) the emotional distress was severe." Stanfield v. Suntrust Bank, No. 8:15-cv-1472-EAK-TBM, 2016 WL 899279, at *4 (M.D. Fla. Mar. 2, 2016).

Defendants argue that Plaintiff fails to establish that Defendants' conduct was outrageous. Whether conduct is sufficiently outrageous is a question for the Court. Anderson v. Smith, No. 3:19-cv-222-J20JRK, 2019 WL 12384796, at *6 (M.D. Fla. July 17, 2019). "A plaintiff alleging IIED faces an extremely high burden, as Florida courts have repeatedly found a wide spectrum of behavior insufficiently 'outrageous.'" Brown v. Royal Caribbean Cruises, Ltd., No. 16-cv-24209, 2017 WL 3773709, at *3 (S.D. Fla. Mar. 17, 2017). To proceed on an IIED claim, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro. Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985). "[L]iability for IIED does not extend to mere insults, indignities, threats, or false accusations." Lopez v. Target Corp., 676 F.3d 1230, 1236 (11th Cir. 2012) (internal citation and quotation marks omitted).

Plaintiff alleges that "Professor Decker shot down [Plaintiff's] class contributions [and made] comments in class about the insufficiency of her work product, falsely accused [Plaintiff] of not in turning in assignments, refused to answer her questions, and issued her overly harsh and unjustified poor grades." (Dkt. 18 at ¶ 160) Plaintiff further alleges that "Professor Gentry arbitrarily issued [Plaintiff] poor grades without any explanation, falsely accused [Plaintiff] of not turning in assignments, and retaliated against [Plaintiff] for her seeking a reasonable accommodation in Professor Decker's class." (Id. at ¶ 164) The Amended Complaint states that Defendants' actions were extreme and outrageous given their inherent authority over Plaintiff, as a student at Keiser University, and their knowledge of Plaintiff's emotional susceptibility and distress. (Id. at ¶¶ 161-63) These allegations fail to rise to the level of outrageousness required for an IIED claim. See Leach v. District Board of Trustees of Palm Beach, 244 F. Supp. 3d 1334 (S.D. Fla. 2017) (finding that an instructor's request that the plaintiff read aloud in college course on multiple occasions despite knowing that he suffered from visual disability is not outrageous conduct); Schmeck v. Eveland, No. 4:10-cv-362-RH/WCS, 2010 WL 11579391, at *3 (N.D. Fla. Dec. 10, 2010) (dismissing a "vulnerable" plaintiff's IIED claim based on a medical school dean's "who questioned her fitness to continue her studies, required her to submit to two mental-health evaluations, and referred her to an impaired-practitioner program"). Accordingly, Plaintiff has failed to sufficiently plead a claim for IIED, and Defendants' motion is due to be granted as to Count XV.

### B. Negligent Infliction of Emotional Distress ("NIED")

Defendants contend that Plaintiff's claim for negligent infliction of emotional distress ("NIED") fails because she does not sufficiently allege that she sustained a physical injury as a result of Defendants' conduct.

In Florida, "the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force." Willis v. Gami Golden Glades, LLC, 967 So. 2d 846, 850 (Fla. 2007) (citation omitted). In Willis, the Court explains:

> If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be manifested by physical injury, the plaintiff must be involved in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment within a short time of the incident.

Id. at 850 (internal quotation marks and citations omitted).

The Amended Complaint does not allege that Plaintiff suffered an "impact." Instead, Plaintiff alleges that suffered physical injury in the form of anxiety, sadness, fear, anger, culminating into panic attacks. (Dkt. 18 at ¶¶ 174, 176, 178) Plaintiff further alleges that Defendants' actions caused her to suffer headaches and stomach pains. (Id. at ¶ 181) However, an "allegation of mere psychic trauma is not enough to sustain a claim for negligent infliction of emotional distress." Kendron v. SCI Funeral Servs. of Fla., LLC, 230 So. 3d 636, 638 (Fla. 5th DCA 2017). Moreover, Plaintiff's contention that her panic attacks, headaches, and stomach pain satisfy the physical injury requirement is without merit. Elliott v. Elliot, 58 So. 3d 878, 882 (Fla. 1st DCA

2011) (holding that headaches, diabetes, sleep apnea, stress, insomnia, loss of appetite, hair loss, and bowel trouble, were insufficient "injuries" to support a claim for negligent infliction of emotional distress). The Amended Complaint therefore fails to state a claim for NIED, and Defendant's motion is due to be granted as to Count XVI.

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss, or In the Alternative, Motion for More Definite Statement, as to the Tenth, Twelfth, Fifteenth, Sixteenth, and Seventeenth Causes of Action in the Amended Complaint, (Dkt. 21), is **GRANTED**.

2. Counts X, XII, XV, XVI, and XVII are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff shall have up to and including **twenty-one (21) days** from the date of this Order to file a second amended complaint that cures the defects noted in this Order. **Failure to do so may result in dismissal of this action without notice.**

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of October 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person