UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00318-MSS-JSS

JASMINE HUNGERMAN,

     Plaintiff,

v.

KEISER UNIVERSITY; PROFESSOR
BROOKE DECKER; PROFESSOR
AMBER GENTRY; DEAN HAROLD
TRINDLE; PROGRAM DIRECTOR
KIMBERLY PRESTO; and DOES 1-100,

     Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AS TO THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND THIRTEENTH CAUSES OF ACTION IN THE SECOND AMENDED COMPLAINT

COMES NOW Defendants, KEISER UNIVERSITY; PROFESSOR

BROOKE DECKER; PROFESSOR AMBER GENTRY; DEAN HAROLD

TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO (herinafter,

collectively "Defendants"), and pursuant to Rules 8(a), 10(b), 12(b)(6), and

12(e), Fed. R. Civ. P., hereby files their Motion to Dismiss, or in the

alternative, Motion for More Definite Statement as to, the First, Second, Third, Fourth, Fifth, Sixth, and Thirteenth Causes of Action in the Second Amended Complaint.  In support thereof, Defendants state as follows:

## A.   Legal Standard

### *Standard for Motion to Dismiss*

Although a Complaint's allegations are taken as true when up against a motion to dismiss, it must still provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  A complaint must state a plausible claim for relief, meaning it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (*abrogated on other grounds*) (*citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  Otherwise, it will not survive dismissal.  *See id.*

Plaintiff's factual allegations must include "either direct or inferential allegations respecting all material elements" of the asserted cause of action. *See Twombly,* 127 S. Ct at 1965.  While "[s]pecific facts are not necessary," it must "'give the defendant fair notice of what the. . . claim is and the grounds

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Twombly,* 127 S. Ct. at 2200, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts" will not survive dismissal).

    2.    <u>Standard for Motion for More Definite Statement</u>

Under the Federal Rules of Civil Procedure, a defendant faced with a vague and ambiguous complaint is not expected to respond.  Rather, the defendant is expected to move for a more definite statement under Rule 12(e). *Anderson v. District Board of Trustees of Cent. Florida Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  Proper pleadings keep the issues, discovery, and entire docket manageable.  *Id.* at 367.  Rule 12(e) motions are proper where the pleadings are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.  *Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1357–58 (11th Cir. 2018).

**B.**    <u>**The First, Third, and Fifth Causes of Action –Inappropriately Sue Individual Defendants under the ADA and Inappropriately Sue Keiser for ADA Retaliation Without Pleading That It Receives Federal Funding**</u>

Plaintiff's First Cause of Action is for Failure to Accommodate Under the ADA (Second Am. Compl., Docket Entry #32, at pg. 21), her Third Cause of Action is for ADA Retaliation (*Id.* at pg. 24), and her Fifth Cause of Action

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

is for ADA Interference (*Id.* at pg. 25).  Each of these three causes of action are alleged against some combination of individual defendants.

None of these three causes of action specifies the Title or subsection of the ADA under which she is suing. However, by piecing together various portions of the Complaint's prefatory language, Plaintiff appears to be travelling under Titles II, III, and V.  Specifically, the title of Plaintiff's Second Amended Complaint is for "violations of Title III" of the ADA, and she further cites to alleged violations of "Title III" which "prohibits discrimination in the provision of public services" (Second Am. Compl., Docket Entry #32, at pg. 8, ¶ 17).  However, for support of an alleged Title III violation, Plaintiff cites to 42 USC Sec 12132 (*Id.* at pg. 8, ¶ 17), which is actually "Title II" of the ADA.  42 USC Sec. 12132, et seq.   Elsewhere in her Complaint, she alleges "retaliation against persons with disabilities" in violation of "the ADA" (*Id.* at pg. 9, ¶ 17), which implicates Title V.  *See* 42 USC Sec 12203 ("Prohibition against retaliation... No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter...").   Therefore, Plaintiff appears to be relying on at least three titles of the ADA: Title II, Title III, and Title V.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Plaintiff's reliance on at least three titles of the ADA (II, III, and V) is significant because the plain language of each differs as to "who" can violate the same.   First, Title II prohibits disabled individuals from being "excluded from… services, programs, or activities of a public **entity**, or be subjected to discrimination by any such **entity**" (42 USC Sec 12132) (emph. added) and in turn defines "public entity" as "any State or local government… instrumentality of a State… or local government…" (42 USC Sec 12131).   Not surprisingly, the Eleventh Circuit has held that individual liability is not allowed under Title II (where the statute refences "entity"). *See Badillo v. Thorpe,* 158 Fed.Appx. 208, 211 (11th Cir. 2005) ("[T]here is no individual capacity liability under Title II of the ADA ....").   Second, Title III prohibits discrimination by "**any person who owns, leases… or operates a place of public accommodation**" (42 USC 12182) (emph. added), which does not apply to any of the individual defendants.   Third, Title V states that "no person" shall retaliate against another for exercising their rights under the ADA.   42 USC § 12203.   Although initially the plan language appears to implicate individual liability for "any person," the Eleventh Circuit in *Shotz* reads Section 12203 liability (i.e. Title V liability) as applying to **"public services."**   *Shotz v. City of Plantation,* 344 F.3d 1161, 1169 (11th Cir. 2003)

(emph. added).  In turn, it defines public services as that found elsewhere in the ADA, to wit: "any program or activity receiving *Federal financial assistance*," or, in other words, "recipients of **federal funding.**"  *Id.* (emph. added) (citing 42 USC Section 2000d).  Here, Plaintiff fails to plead that Keiser receives federal funding, which is a foundational element.

Based on the above, there can be no individual liability under Titles II, III, and V of the ADA; accordingly, Plaintiff's First Cause of Action must be dismissed as to the individual defendants sued (Presto and Trindle), the Third Cause of Action must be dismissed as to the individual defendants sued (Decker, Gentry, Trindle, and Presto), and the Fifth Cause of Action must be dismissed as to the individual defendants sued (Decker, Gentry, Trindle, and Presto).  Moreover, there can be no liability of Keiser under Title V for retaliation because it is not alleged to receive federal funding; accordingly, Plaintiff's Third Cause of Action for ADA Retaliation must be dismissed as to Keiser University.

## C.  The Second, Fourth, and Sixth Causes of Action Should Be Dismissed Because Keiser Is Not Alleged To Receive Federal Funding

Plaintiff's Second Cause of Action is for Violation of the Rehabilitation Act (Second Am. Compl., Dockety Entry #32, at pg. 23), her Fourth Cause of

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Action is for Rehabilitation Act Retaliation (*Id.* at pg. 25), and her Sixth Cause of Action is for Rehabilitation Act Interference (*Id.* at pg. 27).  As with her ADA causes of action as detailed above, each of these three causes of action are alleged against some combination of individual defendants. Also, as with the ADA causes of action as explained above, none of these three causes of action specifies the subsection of the Rehabilitation Act under which she is suing.  However, the Complaint's section on "Jurisdiction and Venue" alleges violations of the "Rehabilitation Act... Sections 504 and 505..."

Each cause of action must be dismissed because the Rehabilitation Act, Section 504, only applies to "any program or activity ***receiving Federal financial assistance***," which Plaintiff failed to plead.  *See* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794(a).  The Eleventh Circuit has reasoned that a cause of action under § 504 would only apply to a university receiving federal financial assistance.   *Muckle v. UNCF*, 420 F. App'x 916, 918 (11th Cir. 2011) (requiring such a claim to allege federal financial assistance).[1]  In *Muckle,* a former scholar of UNCF (United Negro College Fund) alleged violations of the Rehabilitation Act, Section 504, against the UNCF, as well as the Bill and Melinda Gates Foundation, as well as

---

[1] Please note this case is unreported.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

individually named defendants from both entities. *Id.* The district court dismissed his § 504 claim because it failed to allege that Defendants received federal financial assistance. *Id.* On appeal, the Eleventh Circuit held that, under 504, a private plaintiff must show, among other things, the specific program or activity conferring or withholding the benefit ***received now or was directly benefitted by federal financial assistance***. *Id.* (emph. added) (citing *Doyle v. Univ. of Ala. in Birmingham,* 680 F.2d 1323, 1326–27 (11th Cir.1982)). The Eleventh Circuit noted that the *Muckle* plaintiff merely alleged that the program was initially funded by a grant from the Foundation but did not state whether that initial grant was supplemented by federal funds. *Id.* at 919. Therefore, although it held that dismissal was in error because plaintiff should have been granted leave to amend his complaint, it held that he must in fact do so on remand. *Id.* Here, more egregious than *Muckle,* Plaintiff has failed to allege Keiser receives federal financial assistance whatsoever – and therefore, the pleading fails to state a claim under the Rehabilitation Act.

Based on the failure to plead federal funding, there can be no liability for Keiser, nor for any of its faculty, under the Rehabilitation Act.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Accordingly, the entirety of Plaintiff's second, fourth, and sixth causes of action should be dismissed

**D.**     **The Fourth, Fifth, Sixth, and Thirteenth Causes of Action Should Be Dismissed Because They Improperly Lump "All Defendants" as Those Being Sued**

The Fourth Cause of Action is for Rehabilitation Act Retaliation (Second Am. Compl., Docket Entry #32, at pg. 25), the Fifth is for ADA Interference (*Id.* at pg. 25), the Sixth is for Rehabilitation Act Interference (*Id.* at pg. 27), and the Thirteenth is for Negligence (*Id.* at pg. 37).  None of these specifies a single defendant or combination of some defendants, but rather, all are plead "Against All Defendants."

Where a plaintiff lumps multiple parties together under a single count without specifying how each defendant allegedly committed each purported act, dismissal is appropriate for that reason alone.  *See Magluta*, 256 F.3d at 1284 (criticizing complaint "replete with allegations" that 14 defendants engaged in certain conduct without distinguishing among them).  The Eleventh Circuit in *Magluta* reasoned that, because of geographic and temporal realities, all the defendants could not have participated in every act complained of.  *Id.* (vacating and remanding with instruction that plaintiff replead claim).  Here, similar to *Magluta,* the Second Amended Complaint

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

pleads thirteen causes of action, seven of which (more than half) are plead against some combination of individual defendants. *See* Second Am. Compl., Docket Entry #32, at Counts 1, 3, 5 (ADA); 2, 4, 6 (Rehabilitation Act), and 13 (common law negligence). Further, two of the three ADA claims are against "All Defendants" (Counts 3 and 5), two of the three Rehabilitation Act claims are against "All Defendants" (Counts 4 and 6), and the single common law claim, that of negligence, is against "all defendants" (Count 13). Plaintiff needs to separate the counts, specify the individuals against whom they are alleged, and specify the acts or omissions of each that allegedly violate the statutes she relies on.

Based on the improper lumping of "All Defendants," causes of action numbers four, five, six, and thirteen should be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court Dismiss the first, second, third, fourth, fifth, sixth, and thirteenth causes of action of the Second Amended Complaint, as follows:

(1) The First – because Title II of the ADA only applies to "entities," Title III of the ADA only applies to a person who "owns, leases... or operates

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

a place of accommodation," and Title V only applies to programs receiving "federal funding," which Plaintiff fails to plead.

(2) The Second – because the Rehabilitation Act only applies to programs "directly benefitted" by federal funding, which Plaintiff fails to plead.

(3) The Third – because Title II of the ADA only applies to "entities," Title III of the ADA only applies to a person who "owns, leases... or operates a place of accommodation," and Title V only applies to programs receiving "federal funding," which Plaintiff fails to plead.

(4) The Fourth – because the Rehabilitation Act only applies to programs "directly benefitted" by federal funding, which Plaintiff fails to plead, and because the cause of action improperly lumps "All Defendants" together.

(5) The Fifth – because Title II of the ADA only applies to "entities," Title III of the ADA only applies to a person who "owns, leases... or operates a place of accommodation," and Title V only applies to programs receiving "federal funding," which Plaintiff fails to plead.  Also, this cause of action improperly lumps "All Defendants" together.

(6) The Sixth – because the Rehabilitation Act only applies to programs "directly benefitted" by federal funding, which Plaintiff fails to plead,

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

and because the cause of action improperly lumps "All Defendants" together.

(7) The Thirteenth – because it improperly lumps "All Defendants" together.

Alternatively, Defendants request that this Honorable Court require Plaintiff to provide a more definite statement as to the causes of action above.

Finally, Defendants request such other and further relief this Honorable Court deems just and proper.

## Local Rule 3.01(g) Certification

Counsel for Defendants herein certifies that it has attempted to confer with Plaintiff's Counsel.   Specifically, Defense Counsel emailed Plaintiff's Counsel several times about the arguments within the instant Motion, and also left a voicemail for Plaintiff's Counsel on Friday, November 12, 2021. Additionally, said emails requested an opportunity to confer over the phone prior to the filing of the Instant Motion, and provided such contact information and availability.  Defense Counsel's office called that of Plaintiff's Counsel on Monday, November 15, 2021 about conferring before the filing of the instant Motion, but the office of Plaintiff's Counsel responded that he was available four days after the deadline for the instant filing.  Defense Counsel

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

explained that this would be too late for a pre-filing conferral, and also that four days exceeds the three-day, post-filing requirement to diligently try to make contact for purposes of supplementing said Motion.   Defense Counsel underscored it is open to continue to try diligently to make contact with Plaintiff's Counsel over the next three days after this Motion's filing.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of November, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants KEISER*
*UNIVERSITY; PROFESSOR BROOKE*
*DECKER; PROFESSOR AMBER*
*GENTRY; DEAN HAROLD TRINDLE;*
*PROGRAM DIRECTOR KIMBERLY*
*PRESTO*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9229
Facsimile (561) 683-8977

Primary e-mail:
justin.sorel@csklegal.com
Secondary e-mail:
shayna.sehayik@csklegal.com
Alternate e-mail:
patricia.betit@csklegal.com

By: _s/ Justin Sorel_
JUSTIN C. SOREL
Florida Bar No.:  0016256

6566.0025-00/23296533

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX