UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-00318-MSS-JSS

JASMINE HUNGERMAN,

    Plaintiff,

v.

KEISER UNIVERSITY; PROFESSOR
BROOKE DECKER; PROFESSOR
AMBERLYN GENTRY; DEAN
HAROLD TRINDLE; PROGRAM
DIRECTOR KIMBERLY PRESTO; and
DOES 1-100,

    Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants KEISER UNIVERSITY, PROFESSOR BROOKE DECKER, PROFESSOR AMBERLYN GENTRY, DEAN HAROLD TRINDLE, and PROGRAM DIRECTOR KIMBERLY PRESTO ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Case Management and Scheduling Order [D.E. #49], hereby file Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, and in support thereof, state as follows:

## MEMORANDUM OF LAW

**I.     Plaintiff's Fails to Proffer Evidence in Support of Factual Allegations**

Pursuant to Federal Rule of Civil Procedure 56(c)(1), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of <u>materials in the record</u>, including depositions…. Fed. R. Civ. Pro. 56(c)(1) (emphasis added).  Throughout Plaintiff's Response to Defendants' Motion for Summary Judgment ("Response") the Plaintiff cites to pages of the Plaintiff's deposition but failed to submit any portion(s) of the Plaintiff's deposition transcript in support of the Response.  D.E. #61-1; D.E. #61-2; D.E. #61-3.  As a result, the Court should not consider these unsupported factual allegations in analyzing Defendants' Motion for Summary Judgment.[1]

**II.    Claims for Failure to Provide a Reasonable Accommodation under Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act Against Keiser – First and Second Causes of Action**

Plaintiff's Response failed to address the key elements of Keiser's arguments as to its entitlement to summary judgment for counts one and two.  First, Plaintiff did not proffer any evidence nor argument to rebut the fact that Plaintiff's request for a different instructor because the Plaintiff did not feel comfortable around Ms. Decker is NOT an accommodation request that **<u>relates to a disability</u>** under the ADA or Rehabilitation Act.  In fact, the Plaintiff simply refers to the meeting with

---

[1] Furthermore, Defendants dispute Plaintiff's "Undisputed Facts".

Ms. Presto where she requested a different instructor because she did not feel comfortable with Ms. Decker. D.E. #61 at p. 12 of 21.[2] As discussed in detail in Defendants' Motion for Summary Judgment, this does not qualify as an accommodation request that relates to a disability under the ADA or Rehabilitation Act. Second, Plaintiff's Response failed to proffer any evidence or argument to rebut the fact that even if the Court considers a request for a different instructor a request for an accommodation under the ADA and Rehabilitation Act, such a request is unreasonable as Keiser did not have an alternate or second instructor to teach Ms. Decker's class.

### III. Claims for Retaliation under Title V of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act Against Keiser – Third and Fourth Causes of Action

Plaintiff's Response failed to address the key elements of Keiser's arguments as to its entitlement to summary judgment for counts three and four. Specifically, the Plaintiff failed to proffer any evidence or argument to rebut the fact that Plaintiff complaining to Ms. Presto and Mr. Trindle about a grade on a paper and Ms. Gentry getting agitated when Plaintiff would convey student concerns **do not relate to any protected activity regarding disabilities** under the ADA or Rehabilitation Act. Certainly, asking Mr. Trindle and Ms. Presto to review a grade

---

[2] A video of this meeting has been submitted to the Clerk for the Court's consideration. D.E. #58; D.E. #59.

on a paper and Plaintiff complaining to Ms. Presto and Mr. Trindle about Ms. Gentry getting agitated when Plaintiff would convey student concerns are not requests for accommodations due to a disability.  Plaintiff's Response simply references these alleged retaliatory actions but offers no explanation as to how these alleged retaliatory actions relate to any protected activity regarding disabilities.  D.E. #61 p. 14 of 21.

### IV. Claims for interference under Title III of the ADA and Section 504 of the Rehabilitation Act Against Keiser – Causes of Action Five and Six

Plaintiff's Response failed to proffer any evidence or argument that Keiser interfered with Plaintiff's ability to request a reasonable accommodation. Specifically, Plaintiff did not rebut the fact that Plaintiff had the opportunity to inform Keiser that she needed an accommodation to perform the essential job function of a graduate nurse but instead acknowledged that she could perform the essential job functions of a graduate nurse without an accommodation.  Plaintiff also failed to rebut the fact that she had available to her the procedure to request an accommodation at any point during her tenure at Keiser but failed to do so.

### V. Claim for Breach of Contract Against Keiser (Cause of Action Seven) and Claim for Unjust Enrichment Against Keiser (Count Twelve)

Plaintiff combines her response relative to Defendant's Motion for Summary Judgment as to Plaintiff's claim for breach of contract and unjust enrichment.  D.E. #61 pp. 17-18 of 21.  Plaintiff's entire rebuttal to both claims is a

4

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

single sentence that states: "Plaintiff and Keiser entered into a contractual agreement when she paid monies for her education and detrimentally relied on receiving an equal, transferrable education free of retaliation, harassment and discrimination based on her disabilities." Plaintiff's Response failed to proffer evidence or argument to rebut the fact that Plaintiff fails to rely on any specific contractual obligations which were allegedly breached but instead relies on the extremely broad notion that Keiser failed to provide Plaintiff an education. As set forth in detail in Defendants' Motion to Dismiss, this is clearly the type of breach of contract claim that courts decline to entertain because it requires the factfinder to enter the classroom and determine whether or not the judgments and conduct of professional educators were deficient.

As it relates to the unjust enrichment claim, Plaintiff's Response failed to proffer evidence or argument to rebut the fact her claims based on "wrongful acts and omissions" and providing "inadequate support services" are actually educational malpractice claims given that they require a judicial inquiry into academic adequacy. Furthermore, Plaintiff also failed to rebut the fact that in exchange for the tuition paid, Keiser provided education services which resulted in Plaintiff earning 40 college credits from Keiser, and therefore, it is not inequitable for Keiser to retain the tuition paid.

**VI.  Claims for Breach of Duty of Good Faith and Fair Dealing, Breach of Express Warranties, and Negligent Misrepresentation Against Keiser – Causes of Action Eight, Nine, and Ten**

Plaintiff's Response simply reiterates her position that Keiser represented that Plaintiff's courses were all transferable and that she would be guaranteed a position when she graduated.  D.E. #61 at p. 18 of 21.  However, Plaintiff failed to rebut or even address any of Keiser's arguments for the basis of entitlement to summary judgment for causes of action eight, nine, and ten.  Most importantly, Plaintiff does not rebut, and therefore admits, that Plaintiff electronically executed an Enrollment Verification Form where she acknowledged that she was told that Keiser **cannot** guarantee employment and **cannot** guarantee transferability of credits.  Based on this alone Plaintiff's claims for breach of duty of good faith and fair dealing, breach of express warranties, and negligent misrepresentation fail.  Keiser is also entitled to summary judgment on causes of action eight, nine, and ten as Plaintiff failed to proffer evidence to rebut and failed to respond to the other arguments set forth in Section VI of Defendants' Motion to Dismiss.

**VII.  Claim for Deceptive and Unfair Trade Practices Under Fla. Stat. §501.201 Against Keiser – Cause of Action Eleven**

Contrary to the allegations in the Third-Amended Complaint, Plaintiff's Response <u>for the first time</u> alleges a basis of her deceptive and unfair trade practices claim as Keiser guaranteeing her an equal opportunity to an education

and a degree in their BSN program. First, Plaintiff proffers no evidence to support the contention that such a guarantee was made. Furthermore, she could not have detrimentally relied on a guarantee of a degree as Plaintiff executed the Enrollment Verification Form wherein she acknowledged that in order to progress in the program her attendance must be regular, she must meet the policies of the university outlined in the school catalog, and must learn the required material through individual study, work, and initiative. D.E. #57-5 at questions #14 & #16. Clearly, it is only when Plaintiff earned a passing grade would she earn credits toward a degree. D.E. #57-6.

In contrast to Plaintiff's Response, the basis of Plaintiff's claim for deceptive and unfair trade practices set forth in the Third-Amended Complaint is that Keiser falsely represented it would provide accommodations and refusing to provide accommodations. D.E. #40 at ¶154. In Defendants' Motion for Summary Judgment Keiser sets forth the evidence and arguments establishing that such an argument is meritless. Plaintiff's Response fails to proffer any evidence or argument in rebuttal to the same.

**VIII. Claim for Negligence Against Decker, Gentry, Presto, Trindle, and Keiser – Cause of Action Thirteen**

Plaintiff's Response fails to proffer any evidence or make any arguments that Plaintiff's negligence claim fails outside the scope of educational malpractice,

which is not recognized in Florida. Based on the evidence set forth in Defendants' Motion for Summary Judgment, Plaintiff's negligence claims against Keiser and the individual Defendants clearly relate to the educational services provided by the Defendants. Plaintiff's Response argues that Defendants' actions and deficient policies and procedures "caused the Defendants to be negligent." D.E. #61 at p. 20 of 21. Plaintiff relies on her own Answers to Interrogatories to argue Defendants' actions were negligent. Id.; D.E. #16-3 at #16 and #17. However, even if true (which Defendants deny), Plaintiff's allegations relate to the educational services provided by the Defendants. Therefore, Plaintiff's negligence claim amounts to a claim for educational malpractice which is not a recognized cause of action in Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants* KEISER UNIVERSITY; PROFESSOR BROOKE DECKER; PROFESSOR AMBERLYN GENTRY; DEAN HAROLD TRINDLE; PROGRAM DIRECTOR KIMBERLY PRESTO
Esperante Building

                                          222 Lakeview Avenue, Suite 120
                                        West Palm Beach, Florida 33401
                                        Telephone (561) 383-9229
                                        Facsimile (561) 683-8977
                                        Primary e-mail: justin.sorel@csklegal.com
                                        Alternate e-mail: patricia.betit@csklegal.com

By:  *s/ Justin C. Sorel*
       JUSTIN C. SOREL
       Florida Bar No.:  0016256

6566.0025-00/23296533